HANLON, JUDGE:
The claimants in this action seek recovery of $10,018.00 for damage to their real estate and to their 1970 americana mobile home located on Eskins Avenue in Chelyan, Kanawha County, West Virginia. Claims purchased the lot and mobile home in 1981 or 1982. Claimant Robert Lee Leffew originally filed the claim in his name. When the evidence revealed that the property and mobile home are titled in both the names of Robert Lee and Lydia Leffew, the Court granted the motion of the claimant to include Lydia Leffew as a party claimant.
The claimant's property and mobile home are located below and to the right of the Chelyan Bridge which spans the Kanawha River from Route 61. Eskins Avenue is the street in front of claimants' property. This street is not maintained by respondent. There is a storm sewer under claimants'mobile home which starts on Wilshire Street above Eskins Avenue. The sewer ends at the west side of the Chelyan Bridge, emptying into the Kanawha River. Wilshire Street is parallel to Route 61.
Claimant robert Leffew testified that water damage occurred to the property shortly after the Chelyan Bridge was resurfaced in 1981 - 1982. He experience no water problems prior to the work being done on the bridge. Claimants allege that when the bridge was resurface, the drains were negligently paved over and improperly crowned, and that this resulted in water accumulating and standing in claimants' front yard.
Claimant Robert Leffew alleges that the standing water eventually caused the foundation to sink resulting in a leak in the ceiling of the mobile home. Water leaked from the ceiling, down through the walls, and came into the floor under the carpet. Eventually, the other end of the mobile home started leaking. As the foundation of the mobile home continued to sink, the cement steps located in the front of the mobile home pulled away from the porch.
By instrument dated February 15, 1984, the claimants agreed to permit respondent to place a culvert across the property. At that time, respondent placed a plastic culvert. According to Mr. Leffew, respondent... "run a line off the ditch line, put an obstacle there to turn the water down into the culvert and run down under the bridge into an open ditch line into a community drain." This action on respondent's part remedied the problem of the water standing in claimants' front yard by diverting it to their back yard. Claimant asserts he was unable to repair the mobile home and that he traded it in October of 1986.
The evidence shows that there were no down spouts on the mobile home to take water away from the foundation, and that the mobile home was held up by 15 concrete block pillars three blocks high. There were no footers beneath the block pillars.
Testifying on behalf of the respondent was Joseph Thomas Deneault, Assistant District Engineer for Maintenance for District 1 for respondent. Mr. Deneault is familiar with the area which is the subject of this claim as it falls within District 1. He described the Chelyan *60 Bridge as a truss bridge with long approach spans. It is a two-lane bridge, built around 1930 and paved with asphalt. He estimates that Route 61 is approximately eight or nine feet higher that the claimants' property. He stated that Eskins Avenue is not maintained by respondent. It is Mr. Deneault's professional opinion that claimants' water problems are caused by the natural surface water that fell onto the property, and also by the fact that property was not sloped properly to drain surface water. He did admit that there had been some increase in drainage as a result of bridge approach run-off. Mr. Deneault stated that he has not visited the property after a heavy rainfall or when there is standing water.
The record in this case fails to support the conclusion that the resurfacing of the bridge was the sole proximate cause of the water damage to claimants' property. While water from heavy rains followed their natural course from the bridge to claimants' property, the evidence revealed that the damaged mobile home lacked a drainage system for water from its roof. To determine that the improper resurfacing of the bridge was the proximate cause of water from the roof leaking into the wall of the mobile home is unwarranted from the evidence.
Accordingly, the Court is of the opinion that the claimants have not shown by a preponderance of the evidence that the damages claimed were the result of actionable negligence on the part of the respondent and hereby disallows the claim.
Claim disallowed.